UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| JEAN K. CONQUISTADOR,<br>  Plaintiff, | :<br>:<br>: |
| v. | :   Case No. 3:17cv132(KAD) |
| POLICE OFFICER ZWEIBELSON, ET AL.,<br>  Defendants. | :<br>:<br>: |

## **RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF #63)**

**Preliminary Statement**

The plaintiff, Jean K. Conquistador ("Conquistador"), is currently confined at Bridgeport Correctional Center. He brings this civil rights action against Hartford Police Officers John Zweibelson and Arber Gashi (the Defendants). He alleges a false arrest, in violation of the Fourth Amendment, in connection with his January 1, 2017 arrest on threatening charges.[1] Officers Gashi and Zweibelson moved for summary judgment. For the reasons set forth below, the motion is granted.

**Standard of Review**

When seeking summary judgment, the moving party bears the burden of demonstrating "that there is no genuine dispute as to any material fact and [that it] is entitled to judgment as a

---

[1] In his memorandum in opposition to the motion for summary judgment, Conquistador accuses Officers Gashi and Zweibelson of unlawfully seizing his backpack at the time of his arrest. However, this allegation appears nowhere in the complaint. A plaintiff may not amend the nature of his claims in a memorandum in opposition to a motion for summary judgment. *See Lyman v. CSX Transportation Inc.*, 364 F. App'x 699, 701 (2d Cir. 2010) (summary order) (affirming district court's determination that it should not consider claims raised for the first time in opposition to summary judgment (citations omitted); *Simpson v. Town of Warwick Police Dep't*, 159 F. Supp. 3d 419, 440 (S.D.N.Y. 2016) ("A party generally may not assert a cause of action for the first time in response to a summary judgment motion.") (internal quotation marks and citations omitted). Nor is the court inclined to permit Conquistador to add such a claim at this late stage of the proceedings. The Court previously afforded Conquistador the opportunity to amend his complaint in March 2017, but he chose not to do so. He offers no explanation as to why this claim was not previously pled and he offers no argument as to why it should be permitted at this late stage of the proceedings. Accordingly, the Court does not further address the claim regarding the backpack.

matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law," and is "genuine" if "a reasonable jury could return a verdict for the nonmoving party" based on it. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party may satisfy its burden "by showing – that is pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *PepsiCo, Inc. v. Coca-Cola Co.*, 315 F.3d 101, 105 (2d Cir. 2002) (*per curium*) (internal quotations and citations omitted). If the movant "demonstrates the absence of a genuine issue of material fact," the nonmoving party must do more than vaguely assert the existence of some unspecified disputed material facts or "rely on conclusory allegations or unsubstantiated speculation." *Robinson v. Concentra Health Servs., Inc.*, 781 F.3d 42, 44 (2d Cir. 2015) (citation omitted). The non-moving party "must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Id.*

In reviewing the record, the court must "construe the evidence in the light most favorable to the non-moving party and to draw all reasonable inferences in its favor." *Gary Friedrich Enters., L.L.C. v. Marvel Characters, Inc.*, 716 F.3d 302, 312 (2d Cir. 2013) (citation omitted). The court may not, however, "make credibility determinations or weigh the evidence. . . . [because] [c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Proctor v. LeClaire*, 846 F.3d 597, 607–08 (2d Cir. 2017) (internal quotation marks and citations omitted). If there is any evidence in the record from which a reasonable factual inference could be drawn in favor of the opposing party on the issue on which summary judgment is sought, however,

summary judgment is improper. *See Security Ins. Co. of Hartford v. Old Dominion Freight Line Inc.*, 391 F.3d 77, 83 (2d Cir. 2004).

The court reads a *pro se* party's papers liberally and interprets them "to raise the strongest arguments that they suggest." *Willey v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015) (internal quotation marks and citation omitted). Despite this liberal interpretation, however, allegations unsupported by admissible evidence "do not create a material issue of fact" and cannot overcome a properly supported motion for summary judgment. *Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000).

**Facts[2]**

Defendants Gashi and Zweibelson were employed as police officers with the City of Hartford Police Department on January 1, 2017. Defs' L.R. 56(a)1 ¶ 1. On that date, they arrested Conquistador, a/k/a Jean Gonzalez, on the charge of threatening in the first degree in violation of Connecticut General Statutes § 53a-61a.[3] *Id.* ¶ 2. On January 3, 2017, in connection with the threatening charge, Conquistador appeared in the Connecticut Superior Court for the Judicial District of Hartford, G.A. 14, in *State v. Gonzalez a/k/a Conquistador*, Case No. H14H-CR17-0689321-S. Defs' L.R. 56(a)1, Ex. B (Information & Court Docket). At that time, a judge appointed Assistant Public Defender Linda Babcock to represent Conquistador and released Conquistador on a promise to appear. *Id.*

On January 26, 2017, at a subsequent hearing in the same case, Conquistador appeared

---

[2] The relevant facts are taken from the defendants' Local Rule 56(a)1 Statement ("Defs' L.R. 56(a)1"), [ECF No. 63-2]; Exhibits A-C, [ECF Nos. 63-3 through 63-10], filed in support of the L.R. 56(a)1 Statement; Conquistador's Local Rule 56(a)2 Statement ("Pl.'s L.R. 56(a)2"), [ECF No. 128-3]; and Exhibits A-D, [ECF No. 128], filed in support of the L.R. 56(a)2 Statement.

[3] The circumstances giving rise to Conquistador's arrest and the threatening charge are not included herein as they are not germane to the Court's decision.

again with Attorney Babcock. *Id.* ¶ 3 & Ex. B. At the hearing on January 26, 2017, Assistant State's Attorney Mark Brodsky informed the presiding judge that he was seeking a six-month diversionary program and indicated that if Conquistador completed a mental health program for six months, the State of Connecticut would enter a *nolle* as to the pending threatening charge. *Id.* & Ex. C (Hr'g Tr. 1:16-23, Jan. 26, 2017). Also at the hearing, Conquistador consented to the arrangement and indicated that he was aware of what was expected of him. Ex. C (Hr'g Tr. 1:24-2:1). Six months later, on July 27, 2017, Conquistador appeared again with Attorney Babcock in the matter of *State v. Gonzalez a/k/a Conquistador*, Case No. H14H-CR17-0689321-S. Ex. D (Hr'g Tr. 1:8-14, July 27, 2017). At the July hearing, Assistant State's Attorney's Carl Ajello informed the presiding judge that he had received proof that Conquistador had completed six months of mental health treatment. In exchange for Conquistador's completion of the mental health treatment, the State of Connecticut entered a *nolle* as to the charge of threatening in the first degree. Defs' L.R. 56(a)1 ¶ 4 & Ex. D (Hr'g Tr.1:16-21).

**Discussion**

The Fourth Amendment provides in relevant part that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV. A Fourth Amendment claim brought against a law enforcement officer under section 1983 for false arrest is substantially identical to a claim for false arrest brought under state common law. *See Jocks v. Tavernier*, 316 F.3d 128, 134 (2d Cir. 2003). Indeed, state law defines the elements of a claim for false arrest asserted pursuant to section 1983. *See Russo v. City of Bridgeport*, 479 F.3d 196, 203 (2d Cir. 2007).

False arrest "'is the unlawful restraint by one person of the physical liberty of another.'"

4

*Russo v. City of Bridgeport*, 479 F.3d 196, 204 (2d Cir. 2007) (quoting *Outlaw v. City of Meriden*, 43 Conn. App. 387, 392, 682 A.2d 1112, 1115, *cert. denied*, 239 Conn. 946, 686 A.2d 122 (1996)). A plaintiff alleging either false arrest or malicious prosecution must establish, among other things, that the underlying criminal proceedings terminated in the plaintiff's favor. *Miles v. City of Hartford*, 445 F. App'x 379, 383 (2d Cir. 2011)(holding that favorable termination is an element of a section 1983 claim sounding in false imprisonment or false arrest.). *See also, Roesch v. Otarola*, 980 F.2d 850, 853-54 (2d Cir. 1992)(same).

The defendants argue that this issue is dispositive of Conquistador's claims. They assert that the criminal proceedings involving the threatening charge for which they arrested Conquistador on January 1, 2017, did not terminate in Conquistador's favor because the State of Connecticut *nolled* the charge in exchange for Conquistador's completion of a six-month mental health treatment program. Conquistador contends that the charge did terminate in his favor because a *nolled* case is dismissed thirteen months after the date the *nolle* is entered on the docket.

The Connecticut Practice Book provides that "[a] prosecuting authority shall have the power to enter a *nolle prosequi* in a case. . . . [and] [i]t shall be entered upon the record after a brief statement by the prosecuting authority in open court of the reasons therefor." Conn. Practice Book Sec. 39-29. A *nolle* is "a unilateral act by a prosecutor, which ends the pending proceeding without an acquittal and without placing the defendant in jeopardy." *Cislo v. City of Shelton,* 240 Conn. 590, 599 n. 9 (1997). In *Roberts v. Babkiewicz,* 582 F.3d 418 (2d Cir. 2009), the Second Circuit observed that "the majority of cases interpret Connecticut law so that a *nolle prosequi* satisfies the 'favorable termination' element **as long as the abandonment of**

5

**the prosecution was not based on an arrangement with the defendant**." *Id.* at 421 (citation omitted)(emphasis added.). Thus, if a plaintiff can demonstrate that the criminal charges against [him] "were discharged without a trial under circumstances amounting to the abandonment of the prosecution without request by him or arrangement with him," he or she can meet the favorable termination element of a false arrest claim and a malicious prosecution claim. *Frey v. Maloney*, 476 F. Supp. 2d 141, 148 (D. Conn. 2007) (internal quotation marks and citations omitted). If, however, the entry of a *nolle prosequi* was the result of an agreement between the prosecutor and the plaintiff, such that that the plaintiff "received the *nolle* in exchange for providing something of benefit to the state" the entry of a *nolle prosequi* will not constitute a favorable termination for purposes of a malicious prosecution or false arrest claim. *Ruttkamp v. De Los Reyes*, No. 3:10cv392(SRU), 2012 WL 3596064, at *12-13 (D. Conn. Aug. 20, 2012) (quoting *Holman v. Cascio*, 390 F. Supp. 2d 120, 123-24 (D. Conn. 2005)).

Here, the hearing transcripts from Conquistador's criminal case, *State v. Gonzalez a/k/a Conquistador*, Case No. H14H-CR17-0689321-S, reveal an arrangement between an assistant state's attorney and Conquistador that required Conquistador to engage in mental health treatment for six months in exchange for the State of Connecticut entering a *nolle* as to the threatening charge pending against him. Defs' L.R. 56(a)1, Ex. C (Hr'g Tr. Jan. 26, 2017); Ex. D (Hr'g Tr. July 27, 2017). On July 27, 2017, Conquistador was present in court when an assistant state's attorney made the judge aware that he would enter a *nolle* to the threatening charge because Conquistador had provided proof that he had completed the six-month treatment program. Ex. D (Hr'g Tr.1:16-21). Thus, it is clear that the *nolle* entered by the state in the criminal case arising from the January 1, 2017 arrest was the very type of arrangement by which

6

Conquistador received the *nolle* in exchange for providing something of benefit to the state. As a result, the disposition of the criminal charge in the case did not terminate in Conquistador's favor and summary judgment in favor of the Defendants is warranted. *See Parrott v. City of Hartford*, No. 3:10-CV-01465 (JCH), 2012 WL 13026904, at *3 (D. Conn. Sept. 21, 2012) (granting summary judgment for police officers as to malicious prosecution and false arrest claims because plaintiff's criminal charges, which "were *nolled* in exchange for his participation in a counseling program," were not terminated in his favor); *Lagasse, City of Waterbury*, No. 3:09CV391 VLB, 2011 WL 2709749, at *5 (D. Conn. July 12, 2011) ("In the present case, the criminal charges against Lagasse were *nolled* as a result of his successful completion of the discretionary family education program and therefore were based on an arrangement with defendant.).

Notwithstanding, Conquistador contends that the entry of the *nolle* to the threatening charge constituted a favorable termination because his public defender informed him that a *nolled* case is automatically dismissed thirteen months after it is entered on the docket. *See* Pl.'s L.R. 56(a)2, Ex. A (Letter from Attorney Babcock); Ex. B, Conquistador Aff. ¶¶ 16-17. Whether this was accurate or not,[4] whether the charge was ultimately dismissed by operation of statute or otherwise, does not change or alter the circumstances under which the *nolle* entered in the first instance.

Because Conquistador has not shown that the criminal proceeding arising from his arrest on January 1, 2017 by Officers Gashi and Zweibelson for threatening in the first degree

---

[4] Connecticut General Statutes § 54–142a(c), cited by Attorney Babcock, mandates the automatic erasure of records following the entry of a nolle and the passage of thirteen months. The Connecticut Supreme Court, in *Cislo v. City of Shelton,* 240 Conn. 590 (1997) held that the erasure statute operated as a "dismissal" for purposes of the state indemnification statute at CGS §53-39a. However, the Connecticut Supreme court has also held that a nolle, even without the passage of time, is a dismissal without prejudice, permitting a new arrest on the same charges in the future, provided the statute of limitations has not run. *State v. Smith,* 289 Conn. 598, 611 (2008).

terminated in his favor, his Fourth Amendment claim fails.

**Conclusion**

The Motion for Summary Judgment filed by Defendants Gashi and Zweibelson, [**ECF No. 63**] is **GRANTED**. The Clerk is directed to enter judgment for the defendants and close this case.

SO ORDERED at Bridgeport, Connecticut, this 30th day of September, 2019.

_____/s/_____
Kari A. Dooley
United States District Judge